# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

DANIEL LEE WAKEFIELD,

        **Plaintiff,**

        **v.**                                  **Case No. 12-CV-1193**

ST. MARY'S HOSPITAL,
DENISE BROWN, Inmate Kitchen Worker RCI,
WARDEN JOHN PAQUIN,
AAISHA SHAKOOR, Assistant HSU Manager,
and JOHN DOE, Individual in charge of hiring Denise Brown RCI,

        **Defendants.**

## SCREENING ORDER

Plaintiff, who is incarcerated at Racine Correctional Institution, filed a pro se complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on plaintiff's petition to proceed in forma pauperis. He has been assessed and paid an initial partial filing fee of $9.39.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless

legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in Twombly by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. Id. If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

2

Case 2:12-cv-01193-LA   Filed 01/09/13   Page 2 of 8   Document 9

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

According to the complaint, on July 23, 2012, plaintiff was about half way through his dinner meal when another inmate informed him that the last several meal trays had blood on them. Plaintiff immediately realized that he had used the last tray and what he thought were apple shavings on his tray were in fact blood spots. Plaintiff informed an officer he was not feeling well and the officer said that plaintiff and three other inmates who had also ingested the blood would go to the Health Services Unit (HSU).

At the HSU, defendant Aaisha Shakor, the HSU's assistant manager, took plaintiff's vitals. The inmates were initially told they would be taken to an outside hospital but they were subsequently informed they had to return to the unit because they were okay. It was explained to the inmates that defendant St. Mary's Hospital and the HSU determined that they were not "exposed" to the blood because they ingested it and their stomach acid killed any bacteria. Plaintiff was not satisfied with this response because he thought he could still get diseases and that he could have had a cut in his mouth. Also, the inmate who cut his finger was known for being unsanitary. Plaintiff again asked if they would be tested for diseases and was told no because there was no nurse and because their body acid took care of it. The inmates were sent back to their unit.

3

Once back on his unit, plaintiff learned that defendant inmate Dennise Brown, a "very nasty inmate with hygiene problems," had been sent to the "hole" for intentionally contaminating the meal trays. Several hours later, plaintiff began to feel worse, sick with bloodshot eyes, and he submitted an HSU slip requesting to be taken to the hospital. Plaintiff was seen in HSU the next morning. His vitals were checked and he was given a blood test although he was not given results of the blood test.

Since the incident, plaintiff has been going back and forth to the HSU and the psychological services unit with complications, consisting of stomach pains, diarrhea, vomiting, headaches, bloodshot eyes, loss of appetite, loss of sleep, and fear of blood/passing out from blood. The only treatment he has received is eye drops. Psychological services diagnosed him with hemophobia and a "common phobia" due to this incident. They also think he needs anti-psychotic medication and to be evaluated at a mental institution.

Plaintiff claims that defendants showed deliberate indifference to his safety by failing to act reasonably in response to a known danger, and by serving plaintiff food contaminated with another inmate's blood. According to plaintiff, defendants knew that Dennise Brown was unsanitary and had dangerous habits yet they continued to allow him to prepare food and serve it to inmates. Plaintiff also claims that defendants Shakoor and St. Mary's Hospital failed to provide him medical care following the incident, in violation of the Eighth Amendment. He seeks declaratory and injunctive relief, and monetary damages.

Inmates have a right "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to [their] health and well being." French v. Owens, 777 F.2d 1250, 1255 (7th Cir. 1985). In this case, it appears that

another inmate both contaminated the tray and served plaintiff the meal. Plaintiff claims that, based on Dennise Brown's reputation, prison officials should have been aware that he may do that. Although plaintiff may not proceed against Dennise Brown in this § 1983 case because the inmate is not a state actor, plaintiff also sues defendant John Doe who was responsible for hiring Dennise Brown and Warden Paquin for allowing inmate Brown to keep his food service job despite his dangerous habits.

To state a claim for failure to protect, plaintiff needs to allege that (1) he was incarcerated under conditions posing a substantial risk of serious harm and (2) the prison officials acted with deliberate indifference to that risk. See Santiago v. Walls, 599 F.3d 749, 758 (7th Cir. 2010) (citing Farmer v. Brennan, 511 U.S. 825, 834 (1994)). At the pleading stage, an allegation that a prison official "knew or should have known" that an another inmate was dangerous is sufficient for deliberate indifference. See id. at 759. Therefore, plaintiff may proceed against defendants John Doe and Warden Paquin on an Eighth Amendment failure to protect claim. Plaintiff should use discovery to identify the John Doe defendant.

Plaintiff may also proceed on an Eighth Amendment deliberate indifference to a serious medical need claim against defendant Aaisha Shakoor. At this stage, plaintiff may proceed against St. Mary's Hospital, although he will most likely need to identify an individual who allegedly made the decision that he did not need medical treatment.

### ADDITIONAL MATTERS

Although civil litigants do not have a constitutional or statutory right to appointed counsel, I have the discretion to request attorneys to represent indigents in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007); Luttrell v. Nickel, 129 F.3d 933, 936 (7th Cir. 1997) (citing Zarnes v. Rhodes, 64

5

F.3d 285, 288 (7th Cir. 1995)). As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. Pruitt, 503 F.3d at 654; Zarnes, 64 F.3d at 288. Once this threshold burden has been met, the court must address the following question: given the difficulty of the case, does this plaintiff appear competent to try the case himself and, if not, would the presence of counsel likely make a difference in the outcome of the case. Pruitt, 503 F.3d at 654-655 (citing Farmer v. Haas, 990 F.2d 319, 322 (7th Cir. 1993)).

In this case, plaintiff has provided evidence that he attempted to obtain legal counsel on his own. However, the issues in this case appear at this stage to be straightforward and uncomplicated. Moreover, plaintiff's filings indicate that he is capable of litigating this case himself at this time. However, as this case proceeds, the need for counsel may arise and I will consider a motion to appoint counsel at a later date. Accordingly, plaintiff's request for appointment of counsel is denied without prejudice.

**IT IS THEREFORE ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket #2) be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that defendant Denise Brown is **DISMISSED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket #4) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that plaintiff's motion for extension of time to pay initial partial filing fee (Docket #8) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the state defendants.

**IT IS ALSO ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, defendants shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from plaintiff's prison trust account the $340.61 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that a copy of this order be sent to the warden of the institution where the inmate is confined.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

> Honorable Lynn Adelman
> % Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is notified that from now on, he is required under Federal Rule of Civil Procedure 5(a) to send a copy of every paper or document filed with the court to the opposing party or, if the opposing party is represented by counsel, to counsel for that party. Fed. R. Civ. P. 5(b). Plaintiff should also retain a personal copy of each document. If

7

plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to the opposing party or that party's attorney, if the party is represented by an attorney.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 9th day of January, 2013.

s/ Lynn Adelman

LYNN ADELMAN
District Judge

8